# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| | § | |
| v. | § | |
| | § | Case Number: **1:22-CR-00112-001** |
| | § | USM Number: **10430-510** |
| **ARRINGTON JAYLUN GARDNER** | § | **Frederick G. Helmsing, Jr., Esquire** |
| **Date of Original Judgment: 10/11/2023** | § | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to counts 1 & 6 of the Indictment on 12/6/2022.

☐ pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court.

☐ pleaded nolo contendere to count(s) which was accepted by the court

☐ was found guilty on count(s) after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18 USC 1349 – 1349 - Conspiracy to Commit Bank Fraud | 05/31/2022 | 1 |
| 18 USC 1028A(a)(1) - Aggravated Identity Theft | 12/27/2021 | 6 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Counts 2,3,4,5 & 7 are dismissed on the motion of the United States.

It is ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**September 28, 2023**
Date of Imposition of Judgment

**/s/Terry F. Moorer**
Signature of Judge

**TERRY F. MOORER**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**April 15, 2026**
Date

AO 245C (SDAL 01/16) Amended Judgment in a Criminal Case

DEFENDANT:          ARRINGTON JAYLUN GARDNER
CASE NUMBER:        1:22-CR-00112-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**NINETY-FOUR (94) MONTHS; said terms consists of 70[1] months as to Count 1, to run concurrently with the term imposed in 1:22-cr-237-002, and 24 months as to Count 6, to run consecutively to the term imposed as to Count 1, and consecutively to the count imposed in 1:22-cr-237-002.**

☒   The court makes the following recommendations to the Bureau of Prisons:

**that the defendant be imprisoned at an institution where residential, comprehensive, substance abuse treatment programs are available.**

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at          ☐   a.m.   ☐   p.m.   on

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on
☐   as notified by the United States Marshal.
☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By   _____

DEPUTY UNITED STATES MARSHAL

---

[1] Modification of Imposed Term of Imprisonment for Retroactive Amendment to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2)) as set for in Order issued on April 23, 2024 (Doc. 491).

AO 245C (SDAL 01/16) Amended Judgment in a Criminal Case

Judgment -- Page 3 of 6

DEFENDANT:          ARRINGTON JAYLUN GARDNER
CASE NUMBER:        1:22-CR-00112-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **Five (5) years on Counts 1 & One (1) year on Count 6; said terms are to run concurrently, and are to run concurrently with the SRT term imposed in 1:22-cr-237-002.**

☒  Special Conditions:

1) The defendant shall submit to periodic urine surveillance and/or breath, saliva, and skin tests for the detection of drug and/or alcohol abuse as directed by the Probation Office. Defendant may incur costs associated with such detection efforts based upon ability to pay as determined by the Probation Office.

2) The defendant shall participate in an assessment or a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to such drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant may incur costs associated with such drug/alcohol detection and treatment, based upon the ability to pay, as determined by the probation officer.

3) The defendant shall submit his person, house, residence, vehicle(s), papers, computer(s) (as defined by 18 U.S.C., § 1030(e)(1)), or other electronic communication or data storage devices or media, business or place of employment and any other property under the defendant's control, to a search conducted by the United States Probation Office at a reasonable time and in a reasonable manner, based upon a reasonable suspicion of contraband, or evidence of violation of condition of release. Failure to submit to a search in accordance with this condition may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

4) The defendant is prohibited from making major purchases, incurring new credit charges, or opening additional lines of credit without the permission of the Probation Officer, until such time as the financial obligations imposed by this court have been satisfied in full.

5) The defendant shall provide the Probation Office access to any requested financial information.

6) The defendant shall make restitution as set forth on Sheets 5, Part A & 5, Part B of this Judgment.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon.

4.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court.

    ☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low Risk of future substance abuse.  *(Check, if applicable.)*

5.  ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

6.  ☐   You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

7.  ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

8.  ☐   You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

**See Page 4 for the**
**"STANDARD CONDITIONS OF SUPERVISION"**

AO 245C (SDAL 01/16) Amended Judgment in a Criminal Case

Judgment -- Page 4 of 6

DEFENDANT:          ARRINGTON JAYLUN GARDNER
CASE NUMBER:        1:22-CR-00112-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3. The defendant must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. The defendant must answer truthfully the questions asked by your probation officer and follow the instructions of the probation officer.
5. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.
6. The defendant must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
8. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer.
9. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
10. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
11. If the probation officer determines that you pose a risk to another person (including an organization/employer), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
12. The defendant shall support his or her dependents and meet other family responsibilities.
13. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

Defendant's Signature _____    Date _____

U.S. Probation Officer's Signature _____    Date _____

AO 245C (SDAL 01/16) Amended Judgment in a Criminal Case

Judgment -- Page 5 of 6

DEFENDANT:        ARRINGTON JAYLUN GARDNER
CASE NUMBER:      1:22-CR-00112-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Page 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $200.00 | $125,844.63 |  |  |  |

☐  The determination of restitution is deferred until _____.  An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. (or see attached)  However, pursuant to 18 U.S.C. § 3644(i), all non-federal victims must be paid in full prior to the United States receiving payment.

☒  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

Restitution in the amount of $125,844.63, to:

PNC Bank
100 West 150th Street
B7-YB17-01C
Cleveland, OH 44135        in the amount of $23,506.14

Regions Bank
P.O. Box 109
Mobile, AL 36601        in the amount of $78,995.73

Navy Federal Credit Union
ATTN: Oris Drummond, Court Order Operations
820 Follin Lane SE
Vienna, VA 22180        in the amount of $18,968.07

Wells Fargo Fraud Investigations
P.O. Box 92038
Denver, CO 80291-2038    in the amount of $4,374.69

Restitution is to be paid jointly and severally with Markisha Jakeria Johnson (002), Johnathan Earl Kyser (003), D'Undra Norwood (004), Barbara Jackson (005), Kenessa Denise Hackworth (006), Jimmy Dejuan Parnell (007), Justin Deandre Betties (008), Travis Ladell Morrissette (009), Danquile Nakrica Westbrook (010), Edmund Jamarquis Davis (011), and Calvin Davis (012) in case number 22-cr-112-TFM, and Jairice Lynn Shelton (001), Delvin Lee Andrews (003), and Reginald Martez Robinson, Jr.(004) in case number 22-cr-237-TFM.

☒  Restitution amount ordered pursuant to plea agreement $ 125,844.63
☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Page 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:
☐  the interest requirement is waived for the   ☐ fine   ☐ restitution
☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (SDAL 01/16) Amended Judgment in a Criminal Case                                    Judgment -- Page 6 of 6

DEFENDANT:          ARRINGTON JAYLUN GARDNER
CASE NUMBER:        1:22-CR-00112-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of the $200.00 special assessments and $125,844.63 in restitution is due immediately, balance due
☐ not later than _____ , or
☒ in accordance with ☐ C,   ☐ D,   ☐ E, or   ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
**Payment to the victims shall be on a pro rata basis. The special assessments and restitution are due immediately and payable in full, and are to be paid through the Clerk, U.S. District Court. If full restitution is not immediately paid, any amount owing during a period of incarceration shall be subject to payment through the Bureau of Prison's Inmate Financial Responsibility Program. In the event that the defendant is not eligible to participate in that program, the defendant is to make minimum monthly payments of $25.00 while incarcerated. As a special condition of supervised release, the Probation Office shall pursue collection of any balance remaining at the time of release in installments to commence no later than 30 days after the date of release. If restitution is to be paid in installments, the court orders that the defendant make at least minimum monthly payments in the amount of $200.00. No interest is to accrue on this debt. The defendant is ordered to notify the court of any material change in his ability to pay restitution. The Probation Office shall request the court to amend any payment schedule, if appropriate.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalty payments except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Restitution is to be paid jointly and severally with Markisha Jakeria Johnson (002), Johnathan Earl Kyser (003), D'Undra Norwood (004), Barbara Jackson (005), Kenessa Denise Hackworth (006), Jimmy Dejuan Parnell (007), Justin Deandre Betties (008), Travis Ladell Morrissette (009), Danquile Nakrica Westbrook (010), Edmund Jamarquis Davis (011), and Calvin Davis (012) in case number 22-cr-112-TFM, and Jairice Lynn Shelton (001), Delvin Lee Andrews (003), and Reginald Martez Robinson, Jr.(004) in case number 22-cr-237-TFM.

☒ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.
☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☒ The defendant shall forfeit the defendant's interest in the following property to the United States: The Preliminary Order of Forfeiture for $2,609.50 more or less, in U.S. currently (Doc. 396) is incorporated into this Judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.